```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
et al.,

                                  Petitioners,

                     -v-

CLEAR IT OUT CONTRACTING LLC,

                                  Respondent.

------------------------------------------------------------X

19-CV-1188 (VSB)

**OPINION & ORDER**

Appearance:

Nicole Marimon
Todd Dickerson
Virginia & Ambinder, LLP
New York, New York
*Counsel for Petitioners*

VERNON S. BRODERICK, United States District Judge:

      Before me is the petition of the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, the Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation (the "Funds"), and the New York City District Council of Carpenters (the "Union" and, together with the Funds, the "Petitioners"), to confirm and enforce an arbitration award against Clear It Out Contracting LLC (the "Respondent") pursuant to § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Because I find that there is no genuine issue as to any

material fact and no indication in the record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED and the arbitration award is confirmed.

I. **Background and Procedural History**[1]

There are four Petitioners in this action. Petitioner Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"). (Pet. ¶ 4.) Petitioner Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are trustees of a charitable organization established under § 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). (*Id.* ¶ 5.) Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation. (*Id.* ¶ 6.) Tuhe Union is a labor organization that represents employees in an industry affecting commerce within the meaning of § 501 of the LMRA. (*Id.* ¶ 7.) Respondent is a domestic limited liability company and was an employer within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of § 501 of the LMRA, 29 U.S.C. § 142. (*Id.* ¶ 8.)

This dispute stems from a collective bargaining agreement ("CBA") pursuant to which Respondent was required to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union, and furnish its books and records to the Funds upon request for the purposes of auditing such contributions. (*See id*. ¶¶

---

[1] The following facts are drawn from the Petition to Confirm an Arbitration Award (the "Petition" or "Pet."), (Doc. 1), and the supporting evidence submitted by Petitioners, including the opinion and award of Arbitrator Roger Maher (the "Award"), (*see id.* Ex. G).

2

11–13.) The CBA provides that in the event that a "dispute or disagreement arise[s] between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator . . . ." (*Id.* ¶ 16.) The present dispute arose when Respondent failed to permit an audit covering the period May 24, 2016 through the present. (*Id.* ¶ 18.) Pursuant to the CBA's arbitration clause, Petitioners initiated arbitration before designated arbitrator Roger Maher. (*Id.* ¶ 19.) The arbitrator provided notice of a hearing on April 21, 2018, (Pet. Ex. F), and the hearing was held on June 27, 2018, (Pet. Ex. G). Respondent did not appear at the hearing. (*Id.*)

The arbitrator, Roger E. Maher, examined the evidence presented by the Petitioners and issued an award finding that the Respondent violated the CBA when it failed to allow the Funds to examine its books and records. (*Id.*) Specifically, the arbitrator ordered the Respondent to pay the Funds the sum of $231,156.38, consisting of principal deficiency of $180,456.23, interest of $12,208.90, liquidated damages of $36,091.25, court costs of $400.00, attorneys' fees of $1,500.00, and arbitrator's fee of $500.00. (*Id.*) The arbitrator also found that interest at a rate of 5.75% shall accrue on the Award from the date of the issuance of the Award. (*Id.*) Petitioners contend that Respondent has failed to pay any portion of the Award. (Pet. ¶ 23.)

Petitioners commenced this action by filing the Petition on February 7, 2019, along with a memorandum of law and papers in support. (Docs. 1, 5.) On February 11, 2019, I entered a scheduling order directing Petitioners to file and serve any additional materials in support of the Petition by March 8, 2019, Respondent to serve any opposition by April 8, 2019, and Petitioners to file any reply by April 22, 2019. (Doc. 7.) Petitioners effected service of the Petition on Respondent on February 15, 2019. (*See* Doc. 8.) To date, Respondent has not answered the

Petition, requested additional time, or otherwise appeared in this case.

## II. Legal Standards

### A. *Labor Management Relations Act*

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). A court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

"Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-cv-6004-GHW, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016) (internal quotation marks omitted). "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks omitted). Thus, "barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy—a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. A to E Inc.*, No. 16-cv-4455 (CM), 2018 WL 1737133, at *4

4

(S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

B. *Summary Judgment*

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Instead, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *Id.* at 110. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* As with a motion for summary judgment, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). In other words, "the showing required to avoid confirmation is very high." *Id.*

III. <u>Discussion</u>

A. *Confirmation of the Award*

No genuine issues of material fact exist in this case. There is also no indication in the record before me that the Award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the CBA or outside the scope of his broad authority to resolve this dispute between the parties. Rather, the record demonstrates that the arbitrator based his award on undisputed evidence presented by Petitioner that Respondent failed to make its books and records available for audit, in violation of the parties' agreement. The record also establishes

5

that the arbitrator based his award of interest and various costs on the provisions of the CBA and related agreements. Accordingly, Petitioners' motion is granted and the Award is confirmed. *See, e.g.*, *Trs. For the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 7:13-cv-1925 (NSR), 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2016) (confirming arbitration award brought under LMRA § 301 where respondent did not oppose petition and record supported arbitrator's findings).

### B. *Attorneys' Fees and Costs*

Petitioners seek attorneys' fees and costs incurred in bringing this action. "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). However, in actions to confirm arbitration awards, the "guiding principle" is that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (internal quotation marks omitted). In the present case, Respondent has neither complied with the Award nor offered any justification for its failure to do so. Accordingly, an award of attorneys' fees is appropriate. *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15-CV-9040 (RA), 2016 WL 6952345, at *5 (S.D.N.Y. Nov. 28, 2016).

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13 Civ. 2608(JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The starting point in analyzing whether claimed attorneys' fees are reasonable is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir.

2011). In order to support their request for attorneys' fees, petitioners must submit "contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Petitioners were represented by Virginia & Ambinder, LLP ("V&A") and have submitted copies of V&A's contemporaneous billing records. (Pet. Ex. H.) Petitioners seek $1,017 for 3.7 hours billed by three legal professionals. Todd Dickerson, who is Of Counsel at V&A, is billed out by the firm at a rate of $350 per hour and spent 0.2 hours on the case. (Pet. ¶ 28; Pet. Ex. H.) Marlie Blaise, who is a law clerk at V&A, is billed out by the firm at a rate of $275 per hour and spent 3.4 hours on the case. (Pet. ¶ 29; Pet. Ex. H.) In addition, a legal assistant, who is billed out by the firm at a rate of $120 per hour, spent 0.1 hours on the case. (Pet. ¶ 30; Pet. Ex. H.) I have reviewed the contemporaneous time records, compared them against the prevailing rates in the community, and I find that the amounts requested are reasonable. *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Visual Acoustics, LLC*, No. 18-cv-4393 (JGK), 2018 WL 3187351, at *3 (S.D.N.Y. June 28, 2018) (awarding Dickerson his requested attorneys' fee rate of $350 per hour); *Bennett v. Asset Recovery Sols., LLC*, No. 14-CV-4433 (DRH) (SIL), 2017 WL 432892, at *7 (E.D.N.Y. Jan. 5, 2017) (finding that courts "regularly approve hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals"); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund*, 2016 WL 7335672, at *4 (noting, in 2016, that rates of $300 per hour for "of counsel," $225 per hour for associates and law clerks, and $100 per hour for paralegals were reasonable).

Petitioners also seek to recover $75.00 in service fees in connection with this case. (Pet.

¶ 33.) "Recovery of such costs is routinely permitted." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 1:16-cv-1115-GHW, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). Accordingly, Petitioners' request for costs in the amount of $75.00 is granted.

### C. *Post-Judgment Interest*

Petitioners also seek post-judgment interest. (*See* Pet. at 7.) "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered," including orders that confirm arbitration awards. *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship v. Windham Constr. Corp.*, No. 1:17-cv-4630 (VSB) (SDA), 2017 WL 9472944, at *4 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 2338790 (S.D.N.Y. May 22, 2018). Accordingly, Petitioners are entitled to post-judgment interest from the date of entry of the Court's judgment, at the rate provided for by 28 U.S.C. § 1961.

### IV. Conclusion

For the foregoing reasons, Petitioners' motion is GRANTED. The Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $231,156.38, plus interest from the date of the Award through the date of judgment at a rate of 5.75%. Petitioners are further awarded attorneys' fees in the amount of $1,017.00, costs in the amount of $75.00, and post-judgment interest in accordance with 28 U.S.C. § 1961(a).

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: May 20, 2019
      New York, New York

Vernon S. Broderick
United States District Judge